ON MOTION EOR REHEARING.
 

 MORROW, Presiding Judge.
 

 In a motion- for rehearing showing much thought and research, appellant’s counsel insists that although the manufacture of the whiskey was shown, the defensive testimony, being uncontradicted and going to show that the liquor was manufactured for medicinal purposes, is conclusive against the State. He supports his position by reference to the case of Satterwhite v. State, 6 Texas Crim. App. 609, and other cases collated in Vernon’s Texas Crim. Stat., Vol. 2, page 688, note 6. In the Satterwhite case, supra, it is said:
 

 “Prom the fact that a witness is unimpeached and uneontradicted, it does not follow that the jury are necessarily bound to believe his evidence and take it as true. There is no such positive rule; no more than that they must reject his testimony, if_ evidence has been offered to impeach him. The question of credibility, under all the testimony and surrounding indications, judging from mode and manner of testifying, the probability or improbability of the statements, is for the jury; though they are not to reject or disregard a 'witness arbitrarily, and especially so in those eases where his testimony is sustained by the corroborative evidence of circumstances and of other witnesses. And, ‘while they may judge of the credibility of a witness, they must exercise judgment, and not will merely, in doing so.’ ”<
 

 This proposition is sound and well supported by precedents. In Ruling Case Law, Vol. 28, p. 660, sec. 245, it is said:
 

 “Where a disinterested witness, who is in no way discredited by other evidence, testifies from knowledge to a fact which’ is not in itself improbable or in conflict with other evidence, the witness is to be believed, and the fact testified to is to be taken as legally established.”
 

 In the same section it is also said:
 

 “However, while the jury are not warranted in arbitrarily or capriciously rejecting the testimony of a witness, neither are they required to accept and give effect to testimony which they find to be unreliable, although it may be uncontradicted.”
 

 In the same connection it is said further.
 

 “A witness, though unimpeaehed, may have such an interest in the question at issue as to affect his credibility. Thus where the testimony proceeds from a person who would be guilty of a criminal
 
 *604
 
 fault unless lie vindicated himself from the presumption arising from the transaction, a question of credibility is presented for the jury, and they may disregard such testimony.”
 

 In our practice, no principle of evidence is better supported than that which declares that the motive or animus which operates upon the mind of a witness is a subject of material inquiry. See Branch’s Ann. Texas P. C., Sec. 163, and many cases collated. The obvious purpose of this practice is to enable the jury to weigh the testimony, estimate its value and to determine the credibility of the witnesses. In the trial of civil cases there are exceptions to the rule (Amer. Law Rep., Vol. 8, p. 814, note), but we confess our lack of knowledge of any well-considered criminal case in which the jury has been held bound to accept as true the testimony of an interested or biased witness. Such a rule would make true the testimony of the slayer in a murder case that the homicide was committed in self-defense, or the possessor of stolen property that it was obtained by á lawful purchase, or the swindler that he believed to be true the false representation by which he acquired the property of the owner. Formerly the law closed the mouth of one accused of crime because of his interest. It would be a perversion of the humane legislation which permits one charged with crime to testify and to judicially declare his testimony, if uneontradieted, to be conclusive. When one accused of crime gives testimony in his own behalf, his interest in. the result of the trial is such as would exculpate the jury from the charge of arbitrarily rejecting the testimony. See Underhill on Crim. Ev., 3rd Ed., Sec. 390, and cases cited in note 11.
 

 The interest of the wife or father of one accused of a felony differs from that of the principal only in degree, and in our judgment, leaves operative the principle of law asserted in the text which has been quoted and which is in consonance with our statute committing to the judgment of the jury the credibility of the witnesses and the weight to be given their testimony.
 

 We conceive it to be the duty of the court to overrule the motion for rehearing, which is accordingly done.
 

 Overruled.